## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

v.                                                     **Case No. 16-20029-JWL**
                                                       **Civil Case No:  20-2307-JWL**

**Rudolph E. George,**

  **Defendant.**

### MEMORANDUM AND ORDER

In May 2017, a jury found defendant Rudolph E. George guilty of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), which makes it unlawful for any person "who has been convicted in any court" of "a crime punishable by imprisonment for a term exceeding one year" to possess or receive "any firearm or ammunition" in "interstate or foreign commerce."  He was sentenced to a total term of 120 months.  Defendant did not file an appeal or otherwise challenge his conviction until June 2020, when he filed the pending motion to vacate his sentence pursuant to 28 U.S.C. § 2255(f)(3) (doc. 43).[1] His motion is based solely on *Rehaif*

---

[1] On June 26, 2020, the court granted defendant's request for an extension of time to file a memorandum in support of his motion and gave the defendant until September 21, 2020 to file his memorandum in support.  When none was filed, the court provided defendant another opportunity to file a supplemental memorandum by November 13, 2020.  Defendant did not file a supplement by that date and the government thus filed its response to the initial motion. Defendant has not filed a reply to that response and the deadline for doing so has long passed.  In short, the motion is ripe for resolution.  Moreover, in his motion for extension of time, defendant also requested a copy of the grand jury minutes, which the court retained under advisement.  The court now denies that request because defendant has not made any showing of a particularized need for the disclosure of grand jury materials. *See United States v. Edge*, 315 Fed. Appx. 92, 96 (10th Cir.2009) (citing cases).

*v. United States*, —— U.S. ——, 139 S. Ct. 2191 (2019), in which the Court held that in prosecutions under § 922(g), "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.   According to defendant, the court must vacate his conviction because the indictment did not include the knowledge-of-status element; the government never proved that element; and the jury was not instructed on that element.

For purposes of defendant's motion, the government concedes that *Rehaif* applies retroactively and that the motion is timely filed under § 2255(f)(3).[2]   Nonetheless, the government asserts that the motion must be denied because defendant has procedurally defaulted his claims. As will be explained, each of defendant's *Rehaif*-based claims is procedurally barred because defendant did not raise them on appeal.   When a defendant fails to raise an issue on direct appeal, he is barred "from raising it in a § 2255 motion 'unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.'" *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (citations omitted).   The fundamental miscarriage of justice exception to procedural default is "a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citations omitted).

---

[2] The government concedes in a footnote that *Rehaif* is retroactive on collateral review in the context of an initial § 2255 motion as applied through § 2255(f)(3).   Curiously, the government then devotes several pages of its brief directing the court to numerous decisions finding that *Rehaif* is not retroactive and inviting the court to dismiss defendant's motion on that basis.   The court declines to do so and accepts the government's concession.

**Cause**

Defendant attempts to establish cause by showing that his claims are "so novel that [their] legal basis was not reasonably available to counsel." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). There are three situations where the novelty of a constitutional claim operates as the functional equivalent of "cause."

> First, a decision of [the Supreme] Court may explicitly overrule one of [its] precedents. Second, a decision may overturn a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved. And, finally, a decision may disapprove a practice [the Supreme] Court arguably has sanctioned in prior cases.

*Reed*, 468 U.S. at 17 (citations, alterations, and internal quotation marks omitted). Here, defendant contends that his failure to raise these claims on appeal is excused under the second of *Reed*'s three categories. Specifically, he asserts that he faced a "solid wall of Circuit authority, including the Tenth Circuit's precedent decision in *United States v. Capps*, 77 F.3d 350, 352-54 (10th Cir. 1996), holding that knowledge of prohibited status by the accused was not an essential element of the felon-in-possession offense."

The government contends that defendant's futility argument fails to establish cause. The court agrees. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."). In *Evans v. Horton*, the Tenth Circuit explained that "the question in this context is whether 'a constitutional claim is so novel that its legal basis was not reasonably available to counsel.'" 792 Fed. Appx. 568, 571 (10th Cir. 2019) (quoting *Reed*, 468 U.S. at 16). According

3

to the Circuit in *Evans*, courts should not find cause where the "'basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim.'" *Id.* (quoting *Clanton v. Muncy*, 845 F.2d 1238, 1242 (4th Cir. 1988) (further citation omitted)); *see also United States v. Hisey*, 2020 WL 2915036, at *3-4 (D. Kan. June 3, 2020) (collecting cases).  Defendant's argument here—that the knowledge-of-status element must be set forth in the indictment, proven at trial, and provided in instructions to the jury—was available to him at the time of his conviction. In *United States v. Games-Perez*, 695 F.3d 1104 (10th Cir. 2012), now-Justice Gorsuch issued a lengthy dissent from the Circuit's denial of rehearing en banc and urged that *Capps* was wrongly decided and that § 922(g)(1) and § 924(a)(2) require the government to prove a defendant knew he was a convicted felon. *Id.* at 1117–25.  Thus, defendant's argument cannot be characterized as novel.  He was convicted more than five years after *Games-Perez* and, accordingly, the legal basis for this argument reasonably was available to him.  While the court likely would have rejected the argument based on Circuit precedent at the time, defendant nonetheless was required to raise it to avoid procedural default.  *See Bousley*, 523 U.S. at 623.  Thus, the court concludes that defendant has failed to establish cause.  *See Hisey*, 2020 WL 2915036, at *3-4.

**Prejudice**

Even assuming defendant could establish cause, his claims necessarily fail because he cannot establish prejudice.  *See United States v. Frady*, 456 U.S. 152, 167 (1982) (holding that petitioner must show both cause and prejudice to overcome a procedural default). To meet this standard, defendant must show "actual prejudice" resulting from the alleged error. *Id.* Actual prejudice means "that the error of which he complains is an 'error of constitutional dimensions'

4

that 'worked to his actual and substantial disadvantage.'" *United States v. Snyder*, 871 F.3d 1122, 1128 (10th Cir. 2017) (quoting *Frady*, 456 U.S. at 170).  In other words, he must persuade the court that "there is a reasonable probability" that the result of his trial could have been different if the knowledge-of-status element had been applied to his case.  *See Strickler v. Greene*, 527 U.S. 263, 289 (1999).  This he has not done.  Under *Rehaif*, the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Section 922(g)(1) to Title 18 to the United States Code makes it unlawful for anyone who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm.  It is uncontroverted that defendant had not one but two prior federal convictions that were both punishable by imprisonment for a term exceeding one year.  In fact, defendant served prison terms for both prior crimes and both terms were longer than one year—one term was 78 months and the other term was 15 months.  *See* Doc. 29, PSR at 13-14 ¶¶ 42-43.  In such circumstances, there can be no doubt that defendant had knowledge that his prior convictions carried terms in excess of one year.

Such knowledge is sufficient to satisfy *Rehaif.*  In *United States v. Daniels,* the Tenth Circuit held that the record in that case supported the conclusion that the defendant clearly had knowledge-of-status where he had served several years in prison on two prior convictions—a 1995 aggravated robbery conviction for which he received a 12-year sentence; and a 2009 robbery conviction for which he received an 8-year sentence.  804 Fed. Appx. 944, 945-46.  Because the defendant was twice convicted of a crime punishable by more than one year in jail, the defendant undisputedly knew that he was a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.  *Id.* at 946.  Similarly, in *United States v. Tignor*,

981 F.3d 826 (10th Cir. 2020), the Circuit held that a defendant could not prove a "reasonable probability" of a different result after *Rehaif* where the defendant knew he was convicted felon. As explained by the Circuit, because the defendant "actually served roughly two years in prison, he knew that the prior conviction ultimately led to a prison term of over a year" and he could not plausibly argue that he did not know that his conviction had a maximum punishment exceeding a year. *Id.* at 830-31; *see also United States v. Trujillo*, 960 F.3d 1196, 1208 (10th Cir. 2020) (concluding that the defendant could not show a reasonable probability that, if he had been advised of the government's need to prove knowledge of his prohibited status, he would not have pleaded guilty because he had "served a total of four years in prison for six felony offenses").

The court, then, concludes that defendant has not shown that he did not know that his prior convictions were punishable by more than a year in prison.[3]

**Actual Innocence**

Lastly, defendant may pursue his claims notwithstanding the procedural bar based on a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This is a "high hurdle" that defendant simply cannot clear. *See United States v. McAbee*, 685 Fed. Appx. 682, 685 (10th Cir. Apr. 20, 2017). In his motion, defendant summarily asserts that he is innocent "in light of *Rehaif*." This assertion of innocence provides no basis for the court to find that "it is more likely than not that no reasonable juror would have convicted him in the light of

---

[3] If the *Rehaif* errors in this case are deemed structural errors, then defendant would be entitled to relief even if he could not show a reasonable probability of a different outcome. In *United States v. Trujillo*, however, the Circuit decided that *Rehaif* errors are not structural. 960 F.3d at 1207-08.

the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also McAbee*, 685 Fed. Appx. at 687 (denying defendant's actual innocence claim based on government's failure to prove "knowledge" requirement because defendant must show he is "in fact actually innocent by pointing to some new evidence demonstrating so"). Defendant has failed to adduce any new evidence demonstrating his innocence and, as explained above, he quite obviously knew that he was a convicted felon.  The court thus rejects his actual innocence claim.

**Conclusion**

The court denies defendant's § 2255 motion because he failed to establish cause excusing his procedural default and actual prejudice resulting from the error of which he complains. Thus, defendant has not overcome the procedural default barring his claim, and he has failed to establish actual innocence.

**Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). With respect to the claims denied above, for the same reasons stated, defendant has failed to raise a

meritorious challenge to his conviction following *Rehaif*. As such, the court finds that he has failed to demonstrate that reasonable jurists would find the court's assessment of his claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (doc. 43) is **denied** and the court **denies** a certificate of appealability on the claims raised therein.

**IT IS FURTHER ORDERED BY THE COURT THAT** the portion of defendant's motion for extension of time (doc. 44) that was previously retained under advisement is now **denied**.

**IT IS SO ORDERED.**

Dated this 1st day of February, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

8